DAVID M. YOUNG, GARNISHEE, &c., PLAINTIFF IN ERROR,
v. THE DELAWARE, LACKAWANNA AND WESTERN
RAILROAD COMPANY, DEFENDANT IN ERROR.

1. In a suit against a garnishee by *scire facias,* and judgment therein by
   default, it cannot be alleged on error that the writ of attachment, as
   appears by the record of the proceedings against the defendant in
   attachment, was not duly served on such garnishee.   The recital in
   the *scire facias* that the writ was duly served on the garnishee, and the
   judgment by default is conclusive against him.
2. Nor is it fatal to such judgment that it appears on the record that the
   writ of inquiry was executed after its return day.
3. Such a writ when executed was a nullity, and by the statute of jeo-
   fails the want of a writ of inquiry is aided on error.

On error to the Supreme Court.

For the plaintiff in error, *Alfred Mills.*

Young v. Del., Lack. and West. R. R. Co.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a suit by *scire facias* against a garnishee in attachment. The garnishee, Mr. Young, did not appear to the writ, and judgment by default having been taken, a writ of inquiry issued and thereupon final judgment. The garnishee having brought up this record to this court now assigns three errors upon it, which will be briefly disposed of, *seriatim*.

The first of these alleged errors, is stated in these words: "That the said David M. Young, the garnishee in attachment, was not duly warned or noticed in the manner required by law, at the time said writ of attachment was executed, and that nothing was attached in his hands by virtue of said writ."

But this defect does not appear on the record in the suit against the garnishee. In that proceeding the averment of the *scire facias* is, that the sheriff, " by virtue of the said writ of attachment, &c., had attached (among other things) money in the hands of one David M. Young, belonging to the said Charles French, (the defendant in attachment,) to the amount of," &c. The garnishee did not appear to this writ, and the judgment by default operates as a conclusive establishment, as against him, of all the facts well pleaded in the writ. If he desired to dispute the allegation that the attachment had been so served as to bind the moneys in his hands, he had the opportunity of doing so by appearing to the proceeding against himself. As it touches the interest of the garnishee the *scire facias* is an original proceeding, as much so as it is when it is issued against bail, or pledges in replevin, or the like. The consequence is the plaintiff in error cannot bring here the proceedings in attachment against the defendant in attachment for the purpose of overthrowing the legal presumptions involved in the judgment by default. It is not therefore necessary to look into this primary proceeding to ascertain whether the attachment was, in point of fact, served, with technical accuracy on the garnishee. This point is not well made.

*Second*—" That the writ of inquiry named in the record of said judgment was executed after the day on which, by its terms, it was made returnable, and that the execution alleged in said record of the same, is null and void."

This was the objection principally relied upon by the counsel of the plaintiff in error.

The premises on which this argument rests are undoubted, for the writ of inquiry, which issued to ascertain the amount of the debt due from the garnishee, was not executed until after the return day, and was, consequently, void ; but the deduction made from these premises is a fallacy ; it does not follow that because there was no writ of inquiry duly executed that the judgment which has been rendered is voidable on error. The absence of such a writ would have been fatal to a judgment at common law, but such a defect is removed by the statute of amendment and jeofails. *Nix. Dig.* 8, § 9. The regulation of this subject in our statute is a transcript of the English act, and the original law has on various occasions been so construed as to remedy the imperfection now pointed out. Such an authority is that of *Iles* v. *Pitt,* 2 *Ld. Raym.* 1397, in which it was adjudged that after a judgment by default no objection can be taken for want of a judicial writ, and that a writ of inquiry is such writ. In this case a number of authorities in support of the same doctrine are cited. The judgment in *Mallory* v. *Jennings,* 2 *Strange* 878, is to the same effect. This objection cannot prevail.

*Fourth*—That judgment has been entered against the plaintiff in error for the whole amount due from him to the defendant in attachment, instead of for such portion thereof as is due from the defendant in attachment to the plaintiff in attachment.

But there is no error in this course, for it is the mode of proceeding directed by the statute. By the thirty-fourth section of the Attachment Act, (*Nix. Dig.* 43,) it is expressly provided that the judgment against the garnishee is to be taken for the amount of the debt found to be due from him to the defendant in the attachment suit. And there is an

obvious propriety in this method, for otherwise, if the debt could be subdivided, and a part only embraced in the judgment, the garnishee could twice litigate, or could be subjected to two actions for the same claim. The statute prevents this inconvenience. The plaintiff in attachment, where the judgment against the garnishee is more than his claim, can, of course, receive only the sum due him, the residue being payable into court for the benefit of the defendant in attachment.

I can find no errors in this record which should affect, in my opinion, the validity of the judgment.

*For affirmance*—The Chancellor, Chief Justice, Dalrimple, Depue, Dixon, Knapp, Reed, Scudder, Van Syckel, Woodhull, Clement, Dodd—12.

*For reversal*—None.